IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | | |
|---|---|---|
| Hartford Fire Insurance Company, | ) | |
| | ) | Civil Action No. 6:05mc32-BHH |
| Plaintiff, | ) | |
| | ) | **O R D E R** |
| vs. | ) | |
| | ) | |
| Carlyle Cain, et al., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the motion to quash of non-parties Donald R. Moore and DM Constructors ("Moore and DMC" or "movants"). On March 28, 2005, plaintiff Hartford Fire Insurance Company caused to be served on Branch Banking & Trust Company of South Carolina ("BB&T") a subpoena duces tecum seeking production of all statements, checks and deposit items relating to the personal banking accounts of Moore, as well as the business accounts of DMC, encompassing a period of approximately 2½ years. Moore and DMC moved to quash the subpoena, arguing that it is overly broad and unduly burdensome and it requires production of banking records wholly unrelated to any dealings or transactions between Moore, DMC, and any of the defendants in this action. They also argue that the subpoena requires disclosure of confidential personal and commercial information, violating Federal Rule of Civil Procedure 45(c)(3)(B)(I). In the alternative, Moore and DMC request that a confidentiality order be entered.

The plaintiff counters that Moore and DMC lack standing to move for a protective order because under Rule 26 only the "person from whom discovery is sought" may so move. *See* Fed.R.Civ.P. 26(c). The plaintiff further argues that Moore and DMC lack standing to move to quash the subpoena under Rule 45(c) as the subpoena is directed

at their bank, not at them (pl. opp. 2-3).  The plaintiff contends that the financial records sought from BB&T are neither trade secrets, confidential research, development, nor commercial information, and thus Moore and DMC"s reliance upon Rule 45(c)(3)(B)(I) is misplaced.  The plaintiff argues that the subpoenaed documents are within the scope of discovery as they are relevant to the plaintiff's claims against the defendants for monies received from guardianship funds.  The plaintiff states that discovery has shown that DMC and/or Moore received money from defendant Carlyle Cain and/or Southcorp Construction, who in turn received money from an investor that received money from a guardianship arrangement (pl. resp. 4-6).  Accordingly, the plaintiff contends that the movants' receipt and disposition of guardianship funds is within the scope of discovery.  Lastly, the plaintiff argues that the movants' objection to the subpoenas as unduly burdensome is without merit as the subpoena was issued to BB&T, and no burden or expense has been placed on either of the movants.

Based upon the foregoing, the movants' motion to quash is denied.

IT IS SO ORDERED.


s/Bruce H. Hendricks
United States Magistrate Judge

May 24, 2005

Greenville, South Carolina

2